**FILED**
**Mar 04, 2020**
**09:35 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **J.J. B. SUTTON,** | ) | **Docket No. 2019-05-1017** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **AT&T SERVICES, INC,** | ) | **State File No. 19421-2019** |
| **INC.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **OLD REPUBLIC INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This case came before the Court on February 27, 2020, for an Expedited Hearing on whether Mr. Sutton is entitled to additional medical benefits.[1] To receive these benefits, Mr. Sutton must show he gave proper notice of his injury and that he is likely to establish at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment. For the reasons below, the Court finds that Mr. Sutton is likely to prove that he gave proper notice but cannot find he is likely to establish his injuries arose primarily out of and in the course and scope of his employment. However, he is entitled to return to his authorized panel physicians.

### History of Claim

Mr. Sutton worked as an AT&T installer. On February 13, 2019, he was working at a customer's house when he slipped and fell while carrying a ladder. Mr. Sutton testified that he was a little dazed after the fall and rested for a few minutes. When he got up and tried to put the ladder back on the truck, he could barely use his right arm, and he decided he would need to finish the job another day. Mr. Sutton ate his lunch in the truck

---

[1] The Dispute Certification Notice also certified temporary disability benefits as an issue, but Mr. Sutton's counsel advised that he only sought medical benefits at this time.

1

and went to his next assignment. About that time, his supervisor, Adam Gruszka, called to check on the status of the first job. Mr. Sutton told Mr. Gruszka that he had fallen and would not be able to finish the installation that day but did not request medical treatment or a formal report of injury. Mr. Gruszka told him to finish the second job and go home.

The next day was Mr. Sutton's day off. He planned to discuss his injury further with Mr. Gruszka when he returned on Friday morning. When he arrived at work that day, Mr. Gruszka called Mr. Sutton into a meeting with Blair Ceplo, the union representative. Mr. Gruszka asked why Mr. Sutton had not completed the job on Wednesday, and Mr. Sutton reminded him of the injury they discussed on the phone.

After the meeting, Mr. Sutton went out for a service call. He was still on that job when Mr. Gruszka called and asked how he was feeling. Mr. Sutton said he was still hurting and his fingers were numb, and Mr. Gruszka told him to return to the shop. When Mr. Sutton arrived, Mr. Gruszka placed him on paid leave for an investigation into why he failed to finish the job on Wednesday.

Mr. Sutton continued to have symptoms, so he requested medical treatment on March 6. AT&T provided a panel, and he selected American Family Care (AFC). Mr. Sutton had two appointments with AFC, where the doctors prescribed medication and physical therapy for complaints of right shoulder and neck pain.

AT&T denied the claim on March 20 on the grounds that Mr. Sutton failed to "give proper written notice within 15 days of the alleged accident." Mr. Sutton then sought treatment with his own doctors. He said they have recommended cervical disc surgery, but he cannot afford it.

Ms. Ceplo testified about the February 15 meeting with Mr. Sutton and Mr. Gruszka. She confirmed that Mr. Sutton said he didn't finish the job on the 13th because he had hurt his shoulder, but she did not recall whether he said the injury occurred at work.

Mr. Sutton requested that the Court order AT&T to provide medical treatment from AFC, his original panel physicians.

AT&T contended that Mr. Sutton is not entitled to benefits for two reasons. First, it argued he failed to provide timely notice of any February 13 injury until his request for treatment on March 6. Second, it argued Mr. Sutton did not present evidence that he would likely establish an injury that arose primarily out of and in the course and scope of his employment. In that regard, AT&T suggested Mr. Sutton's medical history raised questions about whether the injury occurred at work.

**Findings of Fact and Conclusions of Law**

Mr. Sutton must provide sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Notice*

Tennessee Code Annotated section 50-6-201(a)(1) requires that an injured employee give written notice of an injury within fifteen days unless it can be shown that the employer had actual knowledge of the injury or that the employee had a reasonable excuse for any failure to provide notice. Further, Tennessee Code Annotated section 50-6-201(a)(3) provides that failure to give notice will not bar a claim unless the employer can show it was prejudiced by the lack of notice. Prejudice may be found if the employer is denied the opportunity to make an investigation while the facts are accessible or to provide timely and proper treatment for the injured employee. *See Masters v. Indus. Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980).

AT&T contended that Mr. Sutton failed to provide proper notice of his February 13 injury because he did not report the injury or request medical treatment until March 6. This argument is unpersuasive, as it ignores Mr. Sutton's testimony that he reported the injury on the phone to Mr. Gruszka the day it occurred, as well as two days later. AT&T put on no proof to rebut that testimony. Therefore, the Court finds that AT&T had actual knowledge of the incident.

Further, even if AT&T had no knowledge of Mr. Sutton's work injury until six days after the expiration of the notice period, it presented no evidence of prejudice to its ability to defend this claim or provide proper medical treatment. For these reasons, the Court holds Mr. Sutton is likely to prevail at a hearing on the merits on notice.

*Compensability*

To prove a compensable injury, Mr. Sutton must show that his alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must establish a work-related incident identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A). Further, he must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, the Court first notes that Mr. Sutton described a specific, work-related incident: he injured his neck and shoulder when he slipped while carrying a ladder at work. AT&T questioned whether the injury actually occurred as Mr. Sutton claimed. However, it put on no proof suggesting that Mr. Sutton's accident did not happen or identifying any other cause of his injury. Further, the Court observed Mr. Sutton and found his testimony to be steady, consistent, unequivocal, and credible. Therefore, the Court holds Mr. Sutton demonstrated he is likely to establish a specific incident, identifiable by time and place, at a hearing on the merits.

The question then is whether Mr. Sutton is likely to prove at a hearing on the merits that his work primarily caused the injury. The parties introduced a few medical records into evidence, but none of those records contains a medical opinion addressing the cause of Mr. Sutton's shoulder or neck complaints. Absent this opinion, he has not proven "to a reasonable degree of medical certainty" that his work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

However, where an employee comes forward with sufficient evidence to support that a work event resulted in injury, that evidence may support an order compelling an employer to provide treatment with the panel doctor. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Thus, the question is whether Mr. Sutton provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to return to his panel physicians.

AT&T suggested that Mr. Sutton suffered from a preexisting condition but presented no evidence to support this argument. Even if it had some factual basis for this position, those facts would not excuse AT&T from its statutory duty to provide medical treatment once it received notice of a work injury. The Court is constrained to the record before it because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016). Similarly, parties cannot rely solely on their own medical interpretations to support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Therefore, the Court holds Mr. Sutton provided sufficient evidence to satisfy his burden at this interlocutory stage that he is entitled to return to his panel physicians. AT&T shall authorize a return visit to AFC for evaluation and, if appropriate, treatment of his alleged injuries under Tennessee Code Annotated section 50-6-204(a)(1)(A).

**IT IS, THEREFORE, ORDERED** as follows:

4

1. AT&T shall provide Mr. Sutton with medical treatment made reasonably necessary by his February 13, 2019 injury. American Family Care shall be the authorized treating provider.

2. This case is set for a Scheduling Hearing on May 28, 2020, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED March 4, 2020.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of J.J. Sutton
2. Notice of Denial of Claim
3. Records from Maury Regional Medical Center
4. February 28, 2019 medical record of Teresa Pisani, PA
5. AFC Work Comp reports
6. Copies of texts between J.J. Sutton and Adam Gruszka
7. Blair Ceplo's February 15, 2019 meeting notes

5

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. AT&T's Response to Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on March ___, 2020.

| Name | Certified Mail | Via Email | Service Sent To |
|------|----------------|-----------|-----------------|
| Richard Matthews, Employee's Attorney | | **X** | Richard@mattewsinjurylaw.com |
| Kristen Stevenson, Employer's Attorney | | **X** | kcstevenson@mijs.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**